THE SUMMERVILLE MACADAMIZED, GRADED OR PLANK ROAD COMPANY, plaintiff in error, *vs.* THE DEUTSCHER SCHEUTZEN CLUB, defendant in error.

1. The law does not provide for the assessment of damages to be paid by private persons as a condition precedent to opening a public road. When the proceedings are had which are provided 'for, only the county or the owner of the land can complain of the verdict by writ of *certiorari:* Code, section 645. The writ issues to the justice of the peace who presided at the assessment, and not to the county judge or the ordinary.

2. When the owner of the land and certain persons who petitioned for the road consented to refer to the county judge the legal effect of the verdict for damages, it was a mere private arrangement, and the superior court could not, on *certiorari*, at the instance of the petitioners for the road, reverse the action of the county judge, and order the road opened without the payment of any damages.

*Certiorari.* Roads. County matters. Before Judge GIBSON. Richmond county· At Chambers. March 16th, 1876.

The Deutscher Scheutzen Club presented its petition to the judge of the county court of Richmond county, for the opening of a public road which would cross the road of the Summerville Macadamized, Graded or Plank Road Company. Commissioners were appointed who reported that the proposed road was of great public utility, and recommended that it be of the width of eighty feet. The Summerville, etc., Company filed objections to the application. The county judge ordered that the public road prayed for be opened thirty feet in width, etc., upon the payment by the petitioner of the costs of the proceedings, and of such damages as may be legally assessed in favor of the *caveator*. He further ordered that a jury of freeholders be summoned to try the question of damages to be assessed, if any, in favor of *caveator*.

By agreement of counsel, the jury were to return a special verdict finding the facts, the legal right of *caveator* to the damages assessed to be determined by the court upon argument. The jury thereupon found as follows:

"We, the jury, find for the Summerville Plank Road Company the sum of $1,000 00 for the purchase of land and

the building of a new toll-house and toll-bar. The house to be two rooms, well plastered, with two fire places, cooking room attached, with one-half acre of land, in full of all damages at the crossing at the road from Crawford avenue to the Scheutzer Platz grounds."

The right of the *caveator* to any damages was submitted to the county judge upon an agreed statement of facts, immaterial here. He ordered as follows:

"It is considered that by the construction of the new road, consequential damage will flow therefrom in necessitating the erection of a new toll-gate, and as the jury impanneled to try the issue as to amount, have rendered a verdict for $1,000 00, it is ordered that the petitioners open said road after they shall have paid to said Summerville Graded or Plank Road Company, said sum of money, or otherwise complied with said verdict, and it is further ordered that petitioners pay all costs," etc.

To this order the Deutscher Scheutzen Club excepted, and petitioned for the writ of *certiorari*. The petition was sanctioned and the writ issued, directed to the judge of the county court. Upon final hearing the superior court held that the Summerville, etc., Company was not entitled to the consequential damages found by the jury, and directed that the order for damages be set aside, and said road opened.

To this judgment the plaintiff in error excepted.

FRANK H. MILLER, for plaintiff in error.

BARNES & CUMMING, for defendant.

BLECKLEY, Judge.

An examination of those sections of the Code applicable to proceedings for opening public roads, will make it apparent that the controversy sought to be carried on between these parties is not provided for. The county and the land-owner are not litigating.

Judgment reversed.